# George E. Welsh et al., Plaintiffs in Error, v. William P. Shade, Executor, et al., Defendants in Error.

1.   WILLS—*presumption against intestacy.*   Where a party dies tes-
tate it is presumed that his intention is to dispose of all of his estate by
will and the courts are required if possible to so construe his will that
all of his estate shall pass thereby.

2.   WILLS—*construction where one beneficiary was dead at the time
of execution.*   If the residue of an estate is bequeathed to two bene-
ficiaries in equal parts with the provision that in the event of their fail-
ure to appear and make claim then such residue should pass to another
designated beneficiary, and it appears that one of such original bene-
ficiaries was dead at the time of the execution of the will, the other bene-
ficiary however appearing and making claim, no part of the estate of
the testator is to be treated as intestate property but one-half thereof
is to go to the original beneficiary named and the other half to the contin-
gent beneficiary.

Error to the Circuit Court of Macon county; the HON. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed October 14, 1911.

O. E. LAIRD, for plaintiffs in error.

LE FORGEE, VAIL & MILLER, for defendants in error.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Robert S. Welsh died in February, 1905, leaving a last will and testament. At the time of his death he was a widower and had never had any children. He made various bequests in his will providing for the distribution of all of his estate. After several small bequests his will contained a clause designated as the fourth clause of the will and which is as follows:

"Fourth. After the payment of sums named in foregoing items, I hereby give, devise and bequeath all the residue of my estate, personalty and realty, share and share alike, to my nephew Harry Welsh, and my niece, formerly known as Lena Welsh, being son and daughter of my brother, James Alexander Welsh, deceased, formerly residing at Mount Rock, Cumberland county, in the State of Pennsylvania. If said above named nephew and niece cannot be or are not found and this bequest cannot properly be paid to them at the end of two years after my death, I then direct that my executor shall pay, or cause to be paid, all of the said residue of my estate to the proper officers of what is now known as the Bethsaida Protestant Hospital, of the city of Decatur, in the County of Macon and State of Illinois, and shall become a part of the general fund for maintenance of said hospital, and after such payment by my executor to said hospital, my above-named nephew and niece, or their heirs, shall be forever debarred from any further title or interest in such funds as shall con-

stitute the remainder of my estate, and I hereby empower and direct that my said executor shall sell any real estate of which I may be the owner at my death, and he shall make proper deeds to purchaser and shall convert proceeds for the purposes named above. I desire that at my death my executor shall deliver to Mrs. Sarah E. Boone the locket on my watch chain and three certificates of stock in the Ohio and Indiana Oil Company bearing numbers 868, 875 and 1,142, being for five hundred shares each, and also to deliver to said Mrs. Sarah E. Boone my rubber-tired buggy, on account of her kindness and care of me. I desire that my watch and chain shall be given to my brother-in-law Earl Good and that my clothes shall be given to said Earl Good and his brother James Good, and my bed, bedding and furniture shall be given to my sister-in-law, Miss Lillie Good. My violin shall be given to Miss Laura Hall, and my diamond ring shall be given to Wm. P. Shade. I desire that the same pallbearers shall act for me who acted in that capacity at my wife's funeral, and the funeral shall go over the same route, and I desire that the companion picture of my wife shall be placed in my coffin.''

This will bears date October 15, 1904. The nephew designated in the fourth clause of this will as Harry Welsh had died in the year 1900, prior to the execution of this will. Eighteen months after the death of her uncle, Lena Welsh, one of the beneficiaries named in the fourth clause of the will, appeared, established her identity, and filed her petition in the County Court setting up the death of her brother in the year 1900 and setting forth that she, with an uncle, George E. Welsh, a brother of the testator, were the only heirs of this estate, and asking that the funds devised under the fourth clause of the will be paid one-half to her under the provisions of the will and one-half of the remaining one-half bequeathed to her brother under the will and that the other one-half bequeathed to her

brother, Harry Welsh, be paid to her uncle, George E.
Welsh, contending that by reason of the failure of her
brother to appear and claim his portion of the estate
by reason of his death, that portion devised to him by
the fourth clause of the will became intestate property
and that she and her uncle inherited that half from the
testator in equal parts.  George E. Welsh joined with
her in this petition but afterwards filed an amended
petition in which he claims to be the sole heir of his
brother, the testator, and that one-half of the property
designated by the fourth clause of the will was intes-
tate property and that he was entitled to receive the
one-half bequeathed to the nephew, Harry Welsh. The
Bethsaida Protestant Hospital named in the fourth
clause of the will filed its petition setting forth the
facts and claimed the right to have the property paid
to it under the provision of the will, claiming that by
reason of the failure of Harry Welsh to appear and by
reason of his death and his inability to appear, that it
then became entitled to the property.  The County
Court ordered one-half of the property included in the
fourth clause of the will paid to the niece, Helena
Welsh, and the other half to the Bethsaida Protestant
Hospital.  Appeal was taken to the Circiut Court from
that order, where the judgment and order of the
County Court were affirmed.  Appellants now bring
the cause to this court upon a writ of error.

It is a familiar rule in the consideration of wills that
where the party dies testate it is his intention to dis-
pose of all of his estate by will, and where an attempt
is made so to do, the courts are required, if possible,
to so construe the will that all of the estate shall pass
by it.  The present will is so plain in its language that
no reasonable contention can be made that testator
did not intend and provide that his nephew, Harry
Welsh, and his niece, Lena Welsh, were living at the
time of his death and appeared within the period of
two years that they should have all the property

included in paragraph four of his will, and the position taken by appellants that before either the nephew or the niece could receive any property under the terms of this clause of the will that both nephew and niece should appear and claim their property within the period of two years provided and that before the Bethsaida Protestant Hospital could take any of the funds provided in this clause it was necessary that neither nephew or niece appear and the fact that the niece alone appeared, coupled with the fact of the impossibility of the nephew appearing, defeated the entire devise and bequest made by this clause of the will and that none of the beneficiaries therein could take thereunder, but that the clause became absolutely void and the property descended as intestate property, is not tenable. Neither can it be held that by reason of the impossibility of the nephew to appear the property became intestate and was inherited in equal parts by the brother George E. Welsh and the niece Lena Welsh, she being the sole heir of her deceased brother. Where the intention of the testator can be determined from the terms of the entire will it then becomes the duty of the courts to enforce and carry out the intention of the testator, and it is evident upon consideration of the entire will that the testator at no time contemplated or intended that his brother George E. Welsh should inherit or receive any portion of his estate; his name is not mentioned in the will although the names of other relatives are. It is also contended by appellants that the testator by the use of the language, "if the said above-named nephew *and* niece cannot be found" he intended to and did bequeath the property to the nephew and niece as tenants in common, but this contention is equally untenable for the reason that in the clause of the will it provides that one-half of that fund shall be paid to each of them, and the provision that the nephew and niece should each be paid one-half refutes the contention that either should have any inter-

est in the property of the other. It is evident from the language of this will that it was the intention of the testator to give to the nephew and to the niece, each, one-half of the property described in this fourth clause of the will, should either one appear and claim such property within the limit of two years provided, and in the event that either the nephew or the niece could not be and was not found so that the portion given to him or her by this will could be received by him or her, then the portion of the estate given to such one as did not appear and could not be found should go to the Bethsaida Protestant Hospital of the City of Decatur, and if both failed to appear and could not be found so that the payment could be made to them then the entire fund in this clause was to go to the hospital. With the contention of appellants that by reason of the nephew not being in existence at the time of the execution of the will the devise to him was absolutely void and that there is but one devise or bequest in this clause of the will and therefore the entire clause of the will fails and all the property therein descends as intestate property, we cannot agree; it is evident from the language used in this clause that the testator was in doubt whether either or both nephew or niece were alive or could, by any possibility, be found, and that he had in mind at the time of the making of this will the condition which is shown to exist by this record, and that the bequest made to the nephew was solely on condition that he was alive and did appear and claim the property or could be found so that it might be paid to him, and that in case he should be dead or could not be found or located and did not appear to claim the property, the will then devises the property to the Bethsaida Protestant Hospital absolutely. That condition is not a condition precedent as contended for by plaintiffs in error and we are of the opinion that the County Court correctly construed this will and that its

order directing the payment of one-half of the fund provided in this clause to Helena Welsh, the niece, and the other one-half to the Bethsaida Protestant Hospital of the City of Decatur was correct and that the Circuit Court made no error in confirming the order of the County Court.

There is no error in this record, and the decree is affirmed.

*Affirmed.*